IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel Wilder, #258295,<br><br>     Plaintiff<br><br>     v.<br><br>William F. Krebs,<br><br>     Defendant. | C/A. No. 2:17-763-CMC-MGB<br><br><br>Opinion and Order |

This matter is before the court on Defendant William F. Krebs' ("Dr. Krebs") motion for summary judgment. ECF No. 42. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On July 5, 2018, the Magistrate Judge issued a Report recommending Dr. Krebs' motion for summary judgment be denied. ECF No. 52. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On July 19, 2018, Dr. Krebs filed objections to the Report as well as a motion for extension of time to file supplemental objections. ECF Nos. 54, 55. The court granted Dr. Krebs' motion for extension, allowing until July 30, 2018, for Dr. Krebs to file objections and a 14 day period after that for Plaintiff to file any response. ECF No. 57. Dr. Krebs did not file supplemental objections, and Plaintiff filed his reply on August 13, 2018. ECF No. 60.

**1. Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

## 2. **Discussion**

The Report recommends denying summary judgment and addresses Dr. Krebs' arguments regarding frivolity, statute of limitations, and deliberate indifference, finding a delay of over a year between knowledge Plaintiff needed a filling and scheduling him for the filling, and another year before he was actually seen, presented a triable claim of deliberate indifference. ECF No. 52. Dr. Krebs objects to the Report, arguing: (1) Plaintiff failed to amend his Complaint to properly state a claim against him; (2) Plaintiff failed to comply with the South Carolina Medical Malpractice Reform Act, as he did not file a Notice of Intent to File Suit with an expert affidavit; (3) Plaintiff failed to establish Dr. Krebs was acting under color of state law during the period the allegations took place; and (4) Plaintiff failed to establish Dr. Krebs was deliberately indifferent to a serious medical need. ECF No. 55. Plaintiff replied, asserting Dr. Krebs had authority to schedule treatment after his initial evaluation, according to South Carolina Department of Corrections ("SCDC") policy. ECF No. 60.

*a. Sufficiency of Complaint Allegations*

Dr. Krebs' first three arguments allege various insufficiencies in Plaintiff's Second Amended Complaint.[1] The court finds these arguments unavailing. It is well established *pro se* complaints are held to a less stringent standard than formal pleadings drafted by an attorney, and the court should liberally construe a *pro se* complaint to allow development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As recognized by the Magistrate Judge, this court previously determined Plaintiff's proposed amendments raised factual issues regarding his deliberate indifference claim. *See* ECF No. 16. Plaintiff thereafter filed his Amended and Second Amended Complaints, including facts regarding the delay in his treatment after Dr. Krebs was aware Plaintiff had a "bad tooth" that needed attention. *See* ECF No. 36 at 5, Second Amended Complaint. Plaintiff also noted he was bringing suit against "state or local officials" in his Second Amended Complaint, he is a "convicted and sentenced state prisoner," and Dr. Krebs is the dentist he saw at McCormick Correctional Institution. *Id.* at 2, 5, 8. The court finds these allegations in a *pro se* complaint sufficient to meet pleading standards to allege state action. *See Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 354 (4th Cir. 2003) ("The Fourth Circuit has held that one of the paradigmatic means by which a private party becomes subject to section 1983 is through the government's conferral upon that party of what is, at core, sovereign power – a power, in other words, that is traditionally the exclusive prerogative of the State.") (internal citations omitted).

---

[1] Dr. Krebs did not object to the Magistrate Judge's recommendation that the instant action is not time barred. The court, therefore, reviews that conclusion for clear error, and agrees Plaintiff's claim is not barred by the statute of limitations.

3

In addition, it is not necessary for Plaintiff to file a notice of intent to file suit and expert affidavit to bring a § 1983 action based on deliberate indifference to medical needs. South Carolina Code § 15-79-125 requires such a filing before filing a summons and complaint alleging acts of negligence against a health care provider. However, Plaintiff's instant claim is not one under state law for negligence: it is a federal claim for deliberate indifference to dental needs, which requires a higher showing than negligence. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) ("[Deliberate indifference] is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference."). Plaintiff was not required to meet the requirements of S.C. Code § 15-79-125 to file his federal § 1983 claim.

### b. *Deliberate Indifference*

Dr. Krebs next contends Plaintiff has not shown a violation of his Eighth Amendment rights. ECF No. 55 at 3. He notes the Report relied on an unpublished case, instead of "existing precedent." *Id.* (citing *Formica v. Aylor*, __ F. App'x __, 2018 WL 3120790 (4th Cir. June 25, 2018)). Dr. Krebs distinguishes *Formica* by noting the defendant in that case "unlike Dr. Krebs, had the authority to schedule treatment" and yet denied such treatment for lack of payment. *Id.* at 4. According to Dr. Krebs, he had "no involvement in how or when Plaintiff was scheduled for the dental clinic," but made appropriate evaluations and treatment recommendations when he did see Plaintiff.[2] *Id.* Plaintiff seems to misunderstand the Report's analysis of *Formica*, and

---

[2] Dr. Krebs argues Plaintiff failed to offer evidence he had any control or ability to schedule inmates for dental clinic.

4

argues it does not apply to his case, apparently because the defendant in that case was not the dentist.

In response, Plaintiff offers evidence in the form of a SCDC policy, noting "[o]nce an inmate has been evaluated/treated and if further treatment is needed, the dentist may give him/her another appointment or allow the inmate to request another appointment using SCDC Form 19-11, Request to Staff Member." ECF No. 60-1 at 2. Plaintiff contends this indicates Dr. Krebs had authority to schedule further treatment for Plaintiff after his initial appointment showed he needed a filling. ECF No. 60 at 2.

The court agrees with the Magistrate Judge that *Formica*, while not binding, is persuasive authority and relevant to this case as it concerned a delay in treatment for a decaying tooth which led to further injury. While the nurse in that case held a different position than Dr. Krebs, the case does support the proposition that a delay in dental treatment can be considered an Eighth Amendment violation under some circumstances. Dr. Krebs distinguishes *Formica* by arguing he did not have the ability to schedule Plaintiff for a filling and merely was able to treat the problem when the appointments were made. However, Plaintiff presents evidence in the form of a SCDC policy providing a dentist is able to make another appointment for further treatment after an evaluation.[3]

Plaintiff was first seen by Dr. Krebs on August 22, 2013, when he reported to the dental clinic complaining of a toothache. Dr. Krebs evaluated Plaintiff's tooth and "observed signs of

---

[3] In addition, Dr. Krebs apparently did take action to schedule Plaintiff for an extraction after the October 15, 2014 medical consult. ECF No. 42-3 at 22.

5

decay both clinically and radiographically." ECF No. 42-2, ¶ 6. Dr. Krebs advised Plaintiff the tooth "'can possibly be saved' and we would attempt a filling at his next visit." *Id.* There is no evidence an appointment was scheduled for Plaintiff to return for a filling at that time, despite a record entry by a medical assistant in the dental clinic stating "schedule for filling n/v by Dr. Krebs." ECF No. 42-3 at 30.

Plaintiff reported to sick call on October 15, 2014 complaining "that left tooth is totally decayed . . . he can not eat on left side at all . . . wants filling in tooth . . . continues to sign up on dental sheet but not being seen." *Id.* at 22. Medical staff noted Plaintiff's "last tooth on left hand side is totally decayed." *Id.* Dr. Krebs was consulted and informed that Plaintiff was in pain due to his tooth (which Dr. Krebs had previously noted needed a filling) and could no longer chew on his left side. ECF No. 42-2 at 1.[4] Plaintiff was referred to and allegedly "called to the dental clinic" on October 20, 2014, but was a "no show for ext," according to Dr. Krebs' note of that date.[5] ECF No. 42-3 at 22.

Plaintiff's next appointment at the dental clinic was September 29, 2015, "when he was scheduled for a filling." ECF No. 42-2 at 2. Dr. Krebs noted Plaintiff's tooth "now had gross mesial decay and was not restorable and required extraction." *Id.* However, Plaintiff refused to have the tooth extracted.

As of the first appointment in August 2013, Dr. Krebs was aware Plaintiff was in pain as a result of a decaying tooth that could possibly saved by filling. As of the medical consult in

---

[4] Dr. Krebs "reviewed and electronically signed the medical encounter note" regarding this consultation on October 16, 2014. *Id.* at 2; see also ECF No. 42-3 at 22.

[5] Plaintiff denies he was notified of this appointment.

6

October 2014, Dr. Krebs was aware Plaintiff was in pain, that the tooth was "totally decayed" and that he "cannot eat on left side at all." ECF No. 42-3 at 22. Dr. Krebs was also aware Plaintiff had reported he "continued to sign up on dental sheet but not being seen." *Id.* Dr. Krebs apparently scheduled Plaintiff for an extraction on October 20, 2014, but Plaintiff failed to report that day.[6] Thereafter, Plaintiff waited nearly a year after October 2014 before being seen, by which time his tooth had decayed beyond the point of repair.[7] The delay allegedly caused Plaintiff continuing pain and the opportunity to save the last tooth on the left side.

As noted in *Formica*, delay can rise to the level of an Eighth Amendment violation when the delay results in "some substantial harm to the patient" such as a "marked exacerbation of the prisoner's medical condition" or "unnecessarily prolonged an inmate's pain." *See Formica*, 2018 WL 3120790, at *8; *Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."); *Webb v. Hamidullah*, 281 F. App'x 159, 166-67 (4th Cir. 2008) ("An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient.");[8] *see also Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017) (holding "pain suffered during a delay in treatment can constitute a substantial harm and form the basis for an award of damages.").

---

[6] Dr. Krebs signed off on the encounter note, which stated "I/M no show for ext.," but did not follow up. ECF No. 42-3 at 22.

[7] While Dr. Krebs asserts Plaintiff refused the recommended extraction at his appointment in September 2015, it is not the care provided at the 2015 appointment, but the lack of care provided during the year prior, that is the focus of Plaintiff's deliberate indifference claim.

[8] Although these are unpublished cases and therefore not binding precedent, they are persuasive, and in line with authority of other courts of appeals, as noted in *Formica*.

It is unclear whose responsibility it was to schedule Plaintiff's "next visit" for a filling following the August 2013 appointment. However, as of October 16, 2014, Dr. Krebs was on notice of Plaintiff's condition and that no appointment had been scheduled. Although it appears Dr. Krebs did schedule the October 20, 2014 appointment for Plaintiff, and had no reason to believe Plaintiff did not simply fail to attend that appointment, Plaintiff alleges he was never informed of it. In addition, there is no evidence that Dr. Krebs followed up after the missed appointment, despite knowledge of a condition he agreed required treatment. Therefore, a genuine issue of material fact remains as to whether Dr. Krebs was deliberately indifferent to Plaintiff's serious medical need regarding his tooth. On these facts, the court agrees with the Magistrate Judge that summary judgment is inappropriate.[9] Plaintiff is not, however, entitled to damages for any pain or decay of his tooth after the appointment in September 2015, as he declined the recommended treatment offered to him.

---

[9] Although Dr. Krebs has not raised the defense of qualified immunity, the Fourth Circuit has held "the right of prisoners to receive adequate medical care and to be free from officials' deliberate indifference to their known medical needs" is clearly established. *See Formica*, at *10 n. 8 (citing *Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016)).

### 3. **Conclusion**

Having conducted a *de novo* review of the Report and underlying motion and related memoranda, and having fully considered all objections, the court adopts and incorporates by reference the Report as explained and supplemented in this Order. Plaintiff's § 1983 claim contains genuine issues of material fact that preclude summary judgment; therefore, Dr. Krebs' motion for summary judgment (ECF No. 42) is denied and this matter will proceed to trial.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 23, 2018