IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel Wilder, #258295, | C/A. No. 2:17-763-CMC-MGB |
| Plaintiff | |
| v. | Opinion and Order |
| William F. Krebs, | |
| Defendant. | |

This matter is before the court on Defendant William F. Krebs' ("Defendant") renewed motion for summary judgment on the sole issue of whether *res judicata* and collateral estoppel bar Plaintiff's claim. ECF No. 93.[1] Plaintiff filed a response in opposition (ECF No. 94), and Defendant filed a reply (ECF No. 95).

Previously, Defendant filed a motion for summary judgment on the merits, arguing he was not deliberately indifferent to Plaintiff's medical needs. ECF No. 42. After full briefing, the Magistrate Judge recommended denial of summary judgment. ECF No. 52. Defendant objected (ECF No. 55), Plaintiff replied (ECF No. 60), and the court adopted the Report and denied summary judgment (ECF No. 62). Thereafter, at a pretrial conference, Defendant requested leave to amend his Answer and to file an additional motion for summary judgment based on res *judicata* and collateral estoppel. ECF No. 70. The court allowed Defendant to file a motion for leave to amend the Answer, which he did. ECF No. 73. Although Plaintiff opposed, the court determined

---

[1] After initial review of this Complaint, the Magistrate Judge entered a Report suggesting the case may be subject to dismissal based on *res judicata*. ECF No. 8. However, the court declined to dismiss based on *res judicata* at that point, as it did not have the state court documents and could not determine whether dismissal of the state court action was on the merits. ECF No. 16.

the *res judicata* issue was one that required resolution prior to trial as a matter of law, and allowed the Amended Answer and renewed motion for summary judgment. ECF No. 88. Defendant filed his Amended Answer (ECF No. 91) and the instant motion.

1. **Standard**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
> (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

## 2. Discussion

The sole issue before the court is whether *res judicata* and collateral estoppel bar Plaintiff's claims as a matter of law. Defendant notes Plaintiff filed a prior case in South Carolina Circuit Court, bringing claims against the South Carolina Department of Corrections ("SCDC") arising out of the same instances of alleged dental mistreatment as the instant case. ECF No. 93-1, 93-2 (State Court Complaint). The Circuit Judge determined Plaintiff failed to show SCDC was grossly negligent, and therefore granted summary judgment to SCDC. ECF No. 93-4.[2] As this was a determination on the merits, Defendant argues *res judicata* and collateral estoppel apply to bar Plaintiff's instant lawsuit.

Plaintiff contends he only argued gross negligence and did not name Dr. Krebs as a defendant in his state court action, and therefore *res judicata* and collateral estoppel do not apply. ECF No. 94 at 5. He also argues the final judgment of the prior action was not on the merits, but the case was dismissed because Plaintiff did not submit an expert affidavit. *Id.* at 6. He contends the issue in the current lawsuit, deliberate indifference, was not previously litigated because the South Carolina Tort Claims Act "had no jurisdiction to here [*sic*] this present claim." *Id.* at 7.

In reply, Defendant asserts summary judgment in the prior action was granted on the merits, and Plaintiff had a "full and fair opportunity to litigate" his case in state court. ECF No. 95 at 1-2. He argues the difference in defendants (SCDC and Dr. Krebs) does not preclude collateral estoppel because Dr. Krebs was adequately identified in the prior action. *Id.* at 2.

---

[2] The court also found Plaintiff failed to provide expert testimony, as required in medical malpractice cases in South Carolina. *Id.* at 3.

Finally, he contends "Plaintiff's claims are still barred even though a different cause of action was asserted" in the state case. *Id.* at 3.

*Res judicata* is also known as claim preclusion, and bars relitigation of claims that were or could have been raised in a prior proceeding between the same parties. Collateral estoppel, or issue preclusion, bars the relitigation of specific issues that were actually determined in a prior action. *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). If the prior proceeding is a state court one, federal courts use the law of the state to determine if preclusion applies. *Sartin*, 535 F.3d at 287. Under South Carolina law, in order for *res judicata* to apply, there must be: (1) an identity of parties or their privies; (2) an identity of the subject matter of the litigation; and (3) a final determination on the merits in the former proceeding. *H.G. Hall Constr. Co. v. J.E.P. Enters.*, 321 S.E.2d 267, 271 (S.C. Ct. App. 1984). The party asserting collateral estoppel under South Carolina law must show the issue of fact or law in the prior lawsuit was: "(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 684 S.E.2d 779, 782 (S.C. Ct. App. 2009).

In a nearly identical case, another judge of this court has found collateral estoppel when a plaintiff brought a lawsuit in state court based in negligence, that was dismissed with prejudice, and then filed a federal case alleging a § 1983 claim for deliberate indifference to his serious medical needs involving dental care. *Lyles v. Broach*, No. 4:16-cv-3188, 2018 WL 1064251 at *1 (D.S.C. Feb. 26, 2018). Lyles argued his § 1983 claim was not barred by *res judicata* and collateral estoppel because the claims were different (negligence vs. deliberate indifference) and the South Carolina Tort Claims Act prevented him from naming an individual defendant in the state court

4

case, therefore he was only able to sue the agency. *Id.* at *2.[3] However, the court found Lyles could have brought his § 1983 claim in his state court action but did not, even though Lyles acknowledged the two actions were based on the same facts and the same transaction or occurrence. *Id.* at *3 (citing *Felder v. Casey*, 487 U.S. 131, 139 (1988) (finding state courts possess concurrent jurisdiction over § 1983 litigation)). The court also held the absence of strict mutuality of the parties did not bar application of preclusion, as long as the plaintiff previously "had a full and fair opportunity to litigate the relevant issue effectively in a prior action." *Id.* at *2 (citing *Graham v. State Farm Fire and Cas. Ins. Co.*, 287 S.E.2d 495, 496 (S.C. 1982)). Therefore, the *Lyles* court held the plaintiff was barred from bringing his § 1983 claim in federal court. *Id.*; *see also Timpson v. Pondexter*, No. 5:17-cv-760, 2017 WL 6280871 (D.S.C. Nov. 15, 2017) (holding *res judicata* barred the plaintiff from bringing a § 1983 claim when he previously brought a state court action based on the same facts, as the defendants were in privity as employees of the defendant agency in the state court action, and the subject matter was the same as it arose out of the same transaction as the previous claim).

In this case, it is clear Plaintiff's § 1983 claim is precluded by the prior judgment on the merits in state court. Despite Plaintiff's arguments regarding the finality of the state court case, that Order granted summary judgment not only because Plaintiff lacked an expert affidavit, but also because he failed to establish gross negligence as required by the South Carolina Tort Claims Act. ECF No. 93-4. Although not a trial, this decision is a determination on the merits.

There is also an identity of claims between this case and the state court lawsuit. Under the "transactional approach," a subsequent action cannot be brought "by the same parties when the

---

[3] These are the same arguments Plaintiff makes in his opposition to summary judgment.

5

claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Plum Creek Dev. Co., Inc. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999). Plaintiff's current claim against Dr. Krebs is indisputably based on the same underlying transaction as the state court lawsuit: Plaintiff's tooth decay and the delay in/failure to appropriately treat. The facts articulated in the state court summary judgment order and Plaintiff's Complaint in state court are essentially identical to those in this case. The issue of fact, whether Plaintiff received substandard dental care, is also the same. Plaintiff actually litigated the issue of the treatment of his tooth in the state court lawsuit, and the issue was directly determined in that action. Plaintiff had a full and fair opportunity to litigate his claim in state court: the motion for summary judgment was fully briefed and there was a hearing on the motion, at which Plaintiff attended and represented himself.

Further, although Plaintiff did not bring a deliberate indifference action under § 1983 in the state case, there was no reason he could not have. *See Felder*, 487 U.S. at 139 (holding state courts have concurrent jurisdiction over § 1983 claims); *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986) ("[C]laims may arise out of the same transaction or series of events even if they involve different harms or different theories or measures of relief."); *S.C. Public Interest Found. v. Greenville Cty.*, 737 S.E.2d 502, 508 (S.C. Ct. App. 2013) (claim preclusion applies "with respect to all or any part of the transaction, or series of connected transactions, out of which the first action arose, even when the plaintiff is prepared to present a theory in the second action not presented in the first action.") (internal citation omitted). Plaintiff could have brought his § 1983 claim against Dr. Krebs in the same state court action as his dental malpractice claim against the

agency, but he did not.[4]  It appears it is only because he lost that suit that he brought this one: he is barred from doing this.

There is also identity of the parties or their privies.  "The term 'privity' when applied to a judgment or decree means one so identified in interest with another that he represents the same legal rights."  *Yelsen Land Co. v. State,* 723 S.E.2d 592, 596 (S.C. 2012) (citing *Richburg v. Baughman*, 351 S.E.2d 164 (1986)).  In this case, Dr. Krebs is in privity with SCDC, because his interests as the treating dentist at SCDC whose actions are challenged are the same as SCDC's in the prior litigation: to deny that dental mistreatment occurred.

For the reasons above, *res judicata* and collateral estoppel bar Plaintiff's instant lawsuit.

3. **Conclusion**

Defendant has established *res judicata* and collateral estoppel apply to Plaintiff's instant claim.  Summary judgment is granted to Defendant, and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
April 25, 2019

---

[4] There is no reason Plaintiff could not have brought two causes of action and named two separate defendants in his state court action: a South Carolina Tort Claims Act claim against SCDC, and a § 1983 deliberate indifference claim against Dr. Krebs.