IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel Wilder, #258295, | C/A. No. 2:17-763-CMC-MGB |
| Plaintiff | |
| v. | Opinion and Order |
| William F. Krebs, | |
| Defendant. | |

This matter is before the court on Plaintiff's Motion for Reconsideration and Motion for leave to Amend the Complaint. ECF Nos. 99, 100. Defendant filed a response in opposition to both motions (ECF No. 106) and Plaintiff has filed a reply (ECF No. 107). These motions are now ripe for resolution.

1. **Motion for Reconsideration**

In his motion for reconsideration, Plaintiff argues Defendant should not have been allowed to file an Amended Answer and Renewed Motion for Summary Judgment based on *res judicata* and collateral estopped, and the court "was estopped for filing an affirmative defense that was waived by defendant." ECF No. 100 at 1-2. He argues he was not put on notice of the affirmative defense because it was not raised in Defendant's Answer, and equitable estoppel "precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity." *Id.* at 3.

Defendant responded, arguing the motion for reconsideration should be denied because Plaintiff "does not present any arguments which merit reconsideration," but reiterates previously made arguments. ECF No. 106 at 1. Defendant also argues Plaintiff cannot raise an argument

against the amendment of the Answer under Rule 8(c) because he had an opportunity to do so previously but did not. *Id.* at 2. Plaintiff filed a reply. ECF No. 107.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

The court will deny Plaintiff's motion to reconsider, as there are no grounds to justify reconsideration. Fed. R. Civ. P. 8(c) is not a change in controlling law, and the court was aware of this Rule when it allowed Defendant to amend the Answer, even if Plaintiff had not raised it explicitly. However, the court found the issue of *res judicata*/collateral estoppel necessary to address, as a matter of law, before proceeding to trial. As explained in the court's previous order, Plaintiff's claims regarding his dental treatment, or lack thereof, were fully heard in state court, which precludes an action on the same grounds in this court. Further, although Plaintiff argues there was no authority for Defendant to file an Amended Answer and a Renewed Motion for

against the amendment of the Answer under Rule 8(c) because he had an opportunity to do so previously but did not. *Id.* at 2. Plaintiff filed a reply. ECF No. 107.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

The court will deny Plaintiff's motion to reconsider, as there are no grounds to justify reconsideration. Fed. R. Civ. P. 8(c) is not a change in controlling law, and the court was aware of this Rule when it allowed Defendant to amend the Answer, even if Plaintiff had not raised it explicitly. However, the court found the issue of *res judicata*/collateral estoppel necessary to address, as a matter of law, before proceeding to trial. As explained in the court's previous order, Plaintiff's claims regarding his dental treatment, or lack thereof, were fully heard in state court, which precludes an action on the same grounds in this court. Further, although Plaintiff argues there was no authority for Defendant to file an Amended Answer and a Renewed Motion for

Summary Judgment, these were specifically authorized by the court. For these reasons, Plaintiff's motion to reconsider is denied.

### 2. Motion for Leave to Amend the Complaint

Plaintiff also filed a motion for leave to amend his Second Amended Complaint to include two new Defendants: Linda Freeman, Dental Assistant at McCormick Correctional Institution, and Dr. William Akerman, Director of Dental Service at the Institution. ECF No. 99. In addition, he wishes to amend to add two additional causes of action: deliberate indifference against Dr. Krebs for failing to notify the Director, Dr. Akerman "for a resolution for the backlogged situation," and deliberate indifference against Dr. Akerman for failing to assure adequate dental care. ECF No. 99-3 at 1-2.

Defendant responded in opposition, arguing the proposed amendments would "encompass the same arguments" already alleged by Plaintiff in his state court action, and thus *res judicata*/collateral estopped would apply to the proposed new claims as well. ECF No. 106 at 3. Therefore, Defendant argues, the proposed amendments would be futile. *Id.* Plaintiff filed a reply, noting Ms. Freeman and Dr. Akerman were "mentioned late in this litigation as a defense for Defendant Krebs, and may be just as responsible as Defendant Krebs in this matter." ECF No. 107 at 2. He also contends Dr. Akerman noted in his affidavit Defendant Krebs is not an employee of the South Carolina Department of Corrections, "which creates a new cause of action and new cause for discovery." *Id.*

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires." The Fourth Circuit has held "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

3

*Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards . . . that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal citations omitted).

*Res judicata* is also known as claim preclusion, and bars relitigation of claims that were or could have been raised in a prior proceeding between the same parties. Collateral estoppel, or issue preclusion, bars the relitigation of specific issues that were actually determined in a prior action. *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008).

The court agrees with Defendant the proposed amendments are futile. Claims regarding Plaintiff's dental treatment at McCormick are barred by *res judicata* and collateral estoppel, as explained in the court's Order granting summary judgment to Defendant Krebs. *See* ECF No. 96. Changing or adding defendants, causes of action, or theories of recovery do not make a cause of action viable when the factual basis underlying the event at issue has already been litigated. *See Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986) ("[C]laims may arise out of the same transaction or series of events even if they involve different harms or different theories or measures of relief."); *S.C. Public Interest Found. v. Greenville Cty.*, 737 S.E.2d 502, 508 (S.C. Ct. App. 2013) (claim preclusion applies "with respect to all or any part of the transaction, or series of connected transactions, out of which the first action arose, even when the plaintiff is prepared to present a theory in the second action not presented in the first action.") (internal citation omitted). In addition, regardless of whether Dr. Krebs or the proposed additional Defendants were actually employees of the South Carolina Department of Corrections, they have the same interest as SCDC ("SCDC") in a lawsuit regarding Plaintiff's dental treatment. See *Yelsen Land Co. v. State,* 723

4

S.E.2d 592, 596 (S.C. 2012) (citing *Richburg v. Baughman*, 351 S.E.2d 164 (1986) ("The term 'privity' when applied to a judgment or decree means one so identified in interest with another that he represents the same legal rights.")). As Plaintiff's proposed amendments are futile, his motion to amend his Second Amended Complaint is denied.

### 3. Conclusion

For the reasons above, Plaintiff's Motions for Reconsideration and to Amend the Complaint (ECF Nos. 99, 100) are denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 20, 2019